NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURZ-KASCH, INC., : | |
| : | Civ. No. 05-519 (GEB) |
| Plaintiff, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| MATTHEW W. HOLTZBERG, *et al.*, : | |
| : | |
| Defendants. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Kurz-Kasch, Inc. ("Plaintiff"), for partial summary judgment with respect to its claim for relief under Count III of its First Amended Complaint seeking payment pursuant to a promissory note executed by defendant Matthew W. Holtzberg in relation to the dealings he and defendant Compcast Technologies, LLC (collectively referred to as "Defendants"), had with Plaintiff. The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion for partial summary judgment is granted.

**I. BACKGROUND**

On or about December 3, 2003, Plaintiff entered into negotiations with Defendants to acquire three patents that detailed a process for manufacturing thermoset and thermoplastic parts using a casting system. Over the course of the negotiations, several agreements were drafted.

Plaintiff agreed to lend Defendants $10,000 to assist with hiring an attorney to review the latest agreements prepared by Plaintiff's attorneys.  To that end, on or about August 30, 2004, Holtzberg made, executed and delivered to Plaintiff a written promissory note for the principal sum of $10,000 with interest provided for therein

By fax dated October 11, 2004, Holtzberg promised to repay the promissory note within thirty days.  By fax dated December 22, 2004, Holtzberg noted financial impediments, but again promised to repay the loan when he is able to.  At present, Holtzberg has not repaid any of the money on the promissory note.

On or about January 24, 2005, Plaintiff filed their Complaint against Defendants asserting claims of failure to negotiate in good faith, promissory estoppel, and default on the promissory note.  On or about March 7, 2005, Defendants filed their Answer to the Complaint and a counterclaim against Plaintiff asserting claims of fraud, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, failure to negotiate in good faith, promissory estoppel, idea misappropriation, tortious interference with prospective economic advantage, and frivolous litigation.

On or about June 22, 2005, Plaintiff filed its First Amended Complaint asserting claims of failure to negotiate in good faith, promissory estoppel, default on the promissory note, and fraud.  On or about July 19, 2005, Defendants filed their Answer to the First Amended Complaint.  On or about November 4, 2005, the matter was referred to mediation and the proceedings were stayed.  On or about December 9, 2005, the stay was lifted due to unsuccessful mediation.  On or about January 25, 2006, Plaintiff filed its motion for partial summary judgment with respect to the claim for default of the promissory note.

## II. DISCUSSION

A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof

on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a

4

genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

B.  <u>Plaintiff's Motion for Partial Summary Judgment Is Granted Because There are No Issues as to Material Facts With Respect to the Promissory Note</u>

Plaintiff seeks summary judgment with respect to Count III of its First Amended Complaint alleging default on the promissory note executed on August 30, 2004. In their initial Answer, Defendants admitted to execution of the promissory note in stating that the promissory note speaks for itself and restated that admission in their Answer to the First Amended Complaint. The faxed letters by Holtzberg further demonstrate the existence of a promissory note executed in return for a loan of $10,000 from Plaintiff.

Defendants' present assertion that execution of the promissory note was fraudulently induced is immaterial to Plaintiff's claim with respect to the promissory note. See Electro-

5

Catheter Corp. v. Surgical Specialties Instrument Co., 587 F. Supp. 1446, 1456-57 (D.N.J. 1984). Holtzberg has conceded that he signed the note, received the money, and acknowledged that he is liable for repayment. Even a successful claim of fraudulent inducement would lead to rescission and Holtzberg would have to return the money. Thus, as Defendants noted, entry of partial summary judgment on Count III would not conclude the entire matter and final judgment could ultimately result in offset in favor of Defendants. See id.

Therefore, Plaintiff's motion for partial summary judgment is granted with respect to Count III of Plaintiff's First Amended Complaint. However, given Defendants' counterclaim and the possibility of an offset, this ruling shall not be entered as a final judgment, pursuant to Federal Rule of Civil Procedure 54(b). Proceedings shall continue in accordance with the joint scheduling order previously agreed to by the parties.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is granted, but will not be entered as a final judgment. An appropriate form of order accompanies this Memorandum Opinion.

Dated: March 7, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.